# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| KENNETH E. SHOUP, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> SHOUP MANUFACTURING, INC., ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> SHOUP MANUFACTURING CO, INC., ) <br> ) <br> Counter-Plaintiff, ) <br> v. ) <br> ) <br> GENE SHOUP MANUFACTURING, INC. ) <br> (n/k/a NOT DEAD YET MANUFACTURING, ) <br> INC.), and KENNETH E. SHOUP, ) <br> ) <br> Counter-Defendants. ) | **PLAINTIFF'S AND COUNTER DEFENDANTS' MOTION TO QUASH SUBPOENAS ISSUED BY DEFENDANT** |

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, Plaintiff, Kenneth E. Shoup, and Counter-Defendant Not Dead Yet Manufacturing (f/k/a Gene Shoup Manufacturing), hereby move this Court for an Order quashing a subpoena for the production of documents issued by Defendant, Shoup Manufacturing, to Metropolitan Life.

In a case filed in the U.S. District Court for the Central District of Illinois, Plaintiff's Complaint and Defendant's counterclaim raise issues of patent infringement, patent ownership, trademark infringement, unfair competition, allegations of breach of fiduciary duty, usurpation corporate opportunity, unjust enrichment, violation of the Uniform Deceptive Trade Practices Act ("UDTPA"), and the Consumer Fraud and Deceptive Business Practices Act ("CFDBPA"). Despite this, Defendant issued subpoenas to Metropolitan Life seeking production of documents relating to Plaintiff's and Counter-Defendant's insurance activities that have no relevance to

anything in this litigation, and for time periods that are grossly burdensome. For example, Defendant seeks without limitation as to time frame: "All documents relating to communications (including but not limited to all emails or other correspondence) between (i) Metropolitan Life and (ii) Gene Shoup, or Gene Shoup Manufacturing, or Not Dead Yet Manufacturing." Plaintiff's activities with Metropolitan Life are irrelevant to any issue in this litigation.

Moreover, it is readily apparent that the subpoena was issued for the purpose of harassment. Plaintiff is an individual that, after having his business taken away from him by Defendant, is in the midst of establishing a new business. Through its actions, Defendant seeks to harm Plaintiff's reputation with his insurance company in order to hinder Plaintiff's ability to build his business and to cause personal harm. Defendant's abuse of the judicial system for such purposes must be stopped.

For the aforementioned reasons, and those discussed in the accompanying memorandum in support, Plaintiff respectfully requests that this Court grant his motion to quash the subpoena.

Respectfully submitted,

Dated: September 29, 2010    By:    /s/ Joseph M. Kuo
                                    Joseph M. Kuo
                                    jkuo@olsonip.com
                                    Alissa A. Digman
                                    adigman@olsonip.com
                                    Olson & Cepuritis, Ltd.
                                    20 North Wacker Drive, 36th Floor
                                    Chicago, IL 60606-3181
                                    Tel. (312) 580-1180
                                    Fax (312) 580-1189

                                    Attorney for Plaintiff/Counter-Defendant
                                    KENNETH E. SHOUP and Counter-Defendant
                                    NOT DEAD YET MANUFACTURING, INC.,
                                    (f/k/a GENE SHOUP MANUFACTURING, INC.)

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the foregoing document was served on September 29, 2010 upon the following counsel of record by way of the first class mail:

          James V. Garvey
          Travis J. Quick
          Vedder Price P.C.
          222 North LaSalle Street, Suite 2600
          Chicago, IL 60601
          (312) 609-7500 (telephone)
          (312) 609-5005 (facsimile)

          By: /s/ Joseph M. Kuo
              Attorney for Plaintiff/Counter-Defendant
              KENNETH E. SHOUP and Counter-Defendant
              NOT DEAD YET MANUFACTURING, INC.,
              (f/k/a GENE SHOUP MANUFACTURING, INC.)